UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SCOTT HERMAN and
MELISA MOYA-MACIAS,

     Plaintiffs,

v.                              Case No. 8:25-cv-534-KKM-SPF

SAPPHIRE RESORTS d/b/a
STARPOINT RESORT GROUP, INC.,

     Defendant.

_____

ORDER

Starpoint Resort Group moves to dismiss the amended complaint, arguing that the Court does not have personal jurisdiction, venue is improper, the amended complaint is a shotgun pleading, and the plaintiffs fail to state claims. Mot. to Dismiss (MTD) (Doc. 16). The plaintiffs do not respond. For the below reasons, the motion is granted.

I.   BACKGROUND

Starpoint sells and manages timeshares. Am. Compl. (Doc. 7) ¶ 21. On August 9, 2023, Starpoint hosted a presentation in Arizona for prospective customers. *Id.* ¶ 27. The plaintiffs attended this presentation and, after alleged

pressuring from Starpoint, contracted to purchase timeshare points. *Id.* ¶¶ 31–34, 39. Starpoint allegedly failed to explain material terms of the agreement, concealed others, and deprived the plaintiffs of the opportunity to review the contract. *Id.* ¶¶ 35–46. In March 2024, the plaintiffs learned of Starpoint's alleged deception. *Id.* ¶¶ 47–49.

Believing that this transaction violated state and federal law, the plaintiffs initiated this action in state court. (Doc. 1-1). The plaintiffs allege negligent misrepresentation, fraudulent misrepresentation, negligent concealment of a public offering statement, fraudulent concealment of a public offering statement, negligent concealment of successor liability, fraudulent concealment of successor liability, a violation of the Real Estate Settlement Procedures Act, a violation of the Dodd-Frank Wall Street Reform and Consumer Protection Act, negligent misrepresentation and intentional negligent concealment of licensure, a violation of Florida's Unfair and Deceptive Trade Practices Act, concealment of the arbitration and mitigation limitation clauses, a violation of the Florida Timeshare Act, a

violation of Nevada law, unjust enrichment, breach of contract, and fraud by

omission. Am. Compl. ¶¶ 62–339.[1]

Starpoint removed the case to federal court and now moves to dismiss. (Docs.

1, 16, 19). The plaintiffs do not respond to the motion.

## II.   LEGAL STANDARD

A party may move under Federal Rule of Civil Procedure 12(b)(2) to dismiss

for lack of personal jurisdiction. To have personal jurisdiction over a party, a federal

court sitting in diversity must determine if the state's long-arm statute is satisfied

and ensure that the exercise of jurisdiction comports with the Due Process Clause of

the Fourteenth Amendment. *Waite v. All Acquisition Corp.*, 901 F.3d 1307, 1312

(11th Cir. 2018).

## III.   ANALYSIS

Starpoint moves to dismiss for lack of personal jurisdiction, improper venue,

and failure to state a claim. Starpoint also argues that the amended complaint is a

shotgun pleading. Because I agree with Starpoint's first argument, I need not reach

the rest.

---

[1] The plaintiffs also bring a claim for "attorney fees, costs, damages, and punitive damages." Am.
Compl. ¶¶ 340–42.

A plaintiff has the burden of "establishing a prima facie case of personal jurisdiction." *Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1360 (11th Cir. 2006). Taking the allegations in the complaint as true, a court must ask whether "the plaintiff presents enough evidence to withstand a motion for directed verdict." *Cable/Home Commc'n Corp. v. Network Prods., Inc.*, 902 F.2d 829, 855 (11th Cir. 1990) (quoting *Morris v. SSE, Inc.*, 843 F.2d 489, 492 (11th Cir. 1988)). When the defendant submits an affidavit that sufficiently refutes the complaint's personal jurisdiction allegations, "the burden shifts back to the plaintiff to produce evidence supporting personal jurisdiction." *Stubbs*, 447 F.3d at 1360.

The plaintiffs allege that both general and specific personal jurisdiction exist because Starpoint "has continuous and systematic general business contacts in [the Middle District of Florida]." Am. Compl. ¶ 7. The plaintiffs allege that Starpoint "owns, maintains, operates, collect payments, and/or derives revenue from the sale of property in [the Middle District of Florida]," and had "contact with [the Middle District of Florida]" with "respect to the events giving rise to each" of their claims. *Id.* ¶ 8; *see also id.* ¶¶ 10, 13 (alleging that Starpoint "has marketed, advertised, and sold timeshare properties in [the Middle District of Florida]"). The plaintiffs also allege that, "by engaging in and/or profiting from real and personal property

4

transactions in [the Middle District of Florida]," Starpoint has "purposefully and voluntarily availed themselves of this Court's jurisdiction." *Id.* ¶ 8. Starpoint's "reservation system that controls the timeshare and timeshare inventory is located in the state of Florida," and each vacation plan at issue "is located in and/or has accommodations located in the state of Florida, as well as exists and originates in the state of Florida." *Id.*

Starpoint argues that neither general nor specific personal jurisdiction exists. MTD at 7–11. Starpoint attaches a declaration from Darrell Neal, Starpoint's Vice President of Sales, in which Neal states that Starpoint is a Nevada corporation with its principal place of business in Nevada. Neal Decl. (Doc. 16-2) ¶¶ 1–2. Neal attests that the plaintiffs, on August 9, 2023, attended an in-person timeshare presentation in Arizona and purchased a timeshare membership from Starpoint. *Id.* ¶¶ 3–4. The parties, that same day, entered into a purchase agreement governed by Nevada law, *id.* ¶¶ 5, 7, which Starpoint attaches, *see* (Doc. 16-2) at 6–18. The plaintiffs do not present any evidence in response to Neal's declaration.

Based on the evidence provided, I agree with Starpoint that neither general nor specific personal jurisdiction exists.

## A. General Jurisdiction

A corporation is subject to general jurisdiction in its place of incorporation and its principal place of business. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014); *Waite*, 901 F.3d at 1317.[2] Nevada is Starpoint's place of incorporation and its principal place of business. Neal Dec. ¶ 2.

In "exceptional" cases, "a corporation's operations in a forum other than its formal place of incorporation or principal place of business may be so substantial and of such a nature as to render the corporation at home in that State." *Daimler AG*, 571 U.S. at 139 n.19. To decide whether a case is exceptional, a court must consider whether "the corporation's activities in the forum closely approximate the activities that ordinarily characterize a corporation's place of incorporation or principal place of business." *Carmouche v. Tamborlee Mgmt., Inc.*, 789 F.3d 1201, 1205 (11th Cir. 2015). For example, in *Perkins v. Benguet Consolidated Mining Co.*, the president of a Filipino corporation relocated to Ohio during wartime. 342 U.S. 437, 447–48 (1952). In Ohio, the president "kept an office, maintained the company's files, and oversaw the company's activities." *Daimler AG*, 571 U.S. at 129; *see Perkins*, 342

---

[2] For the purposes of general jurisdiction, the analyses under Florida's long-arm statute and the Due Process Clause are one and the same. *Waite*, 901 F.3d at 1316.

U.S. at 447–48. Because "Ohio was the center of the corporation's wartime activities," *Daimler AG*, 571 U.S. at 130 n.8, the Supreme Court concluded that Ohio had general jurisdiction over the corporation, *Perkins*, 342 U.S. at 447–48. In-state business alone, on the other hand, ordinarily does not render a case "exceptional." *See BNSF Ry. Co. v. Tyrrell*, 581 U.S. 402, 414 (2017) ("[I]n-state business . . . does not suffice to permit the assertion of general jurisdiction over claims . . . that are unrelated to any activity occurring in [the forum state].''); *Daimler AG*, 571 U.S. at 139 n.20 ("[T]he general jurisdiction inquiry does not focus solely on the magnitude of the defendant's in-state contacts. General jurisdiction instead calls for an appraisal of a corporation's activities in their entirety, nationwide and worldwide." (cleaned up)).

The plaintiffs fail to show anything exceptional about this case. Starpoint's alleged business in Florida—which includes owning, managing, and transacting in real estate—is not sufficient on its own to establish general jurisdiction. Am. Compl. ¶¶ 8, 10, 13; *see, e.g.*, *Waite*, 901 F.3d at 1318 (concluding that "significant business in Florida" is "insufficient to make a company at home in the state" (quotation omitted)). "Unlike in *Perkins*, Florida [is] not 'a surrogate' place of incorporation or principal place of business for [Starpoint]," and the plaintiffs "do not allege that

[Starpoint's] leadership was based in Florida or that the company otherwise directed its operations from Florida." *Waite*, 901 F.3d at 1318. Therefore, the plaintiffs fail to establish that Starpoint is subject to general jurisdiction in Florida.

## B. Specific Jurisdiction

Florida's long-arm statute authorizes specific jurisdiction over causes of action "arising from" certain acts. *See* § 48.193(1)(a), Fla. Stat. As potentially relevant here, a nonresident defendant is subject to personal jurisdiction in Florida "for any cause of action arising from" (1) "[o]perating, conducting, engaging in, or carrying on a business or business venture in [Florida]"; (2) "[c]omitting a tortious act within [Florida]"; or (3) "[b]reaching a contract in this state by failing to perform acts required by the contract to be performed in this state." *Id.* § 48.193(1)(a)1–2, 6. To ensure compliance with the Due Process Clause, courts consider whether: (1) "the plaintiff's claims 'arise out of or relate to' at least one of the defendant's contacts with the forum"; (2) "the nonresident defendant 'purposefully availed' himself of the privilege of conducting activities within the forum state, thus invoking the benefit of the forum state's laws"; and (3) "the exercise of personal jurisdiction comports with 'traditional notions of fair play and substantial justice.'" *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1355 (11th Cir. 2013).

Starpoint argues that the amended complaint "is devoid of any factual allegations tying the underlying transaction to the State of Florida," and thus the "Court cannot exercise specific personal jurisdiction over Starpoint in this action." MTD at 9. I agree. The plaintiffs' claims all arise out of their purchase of a timeshare interest from Starpoint in Arizona between non-citizens of Florida. *See, e.g.*, Am. Compl. ¶¶ 17, 27–61, 67–77, 82–92, 97–98, 101–05, 109–112, 117, 130–34, 139–42, 147–49, 151–52, 163–64, 169, 178, 180–88, 194–203, 211–13, 218–27, 236–45, 258–64, 269–82, 288–92, 300, 303–04, 310, 318–338; Neal Decl. ¶¶ 3–6.[3]

Although there are references to Florida in the amended complaint, none provide a basis to conclude that the plaintiffs' claims—which sound in tort and breach of contract—arise from an act in Florida. For example, the plaintiffs allege that specific jurisdiction exists because Starpoint has "continuous and systematic general business contacts" in the Middle District of Florida. Am. Compl. ¶ 7. But

---

[3] One possible exception is the plaintiffs' breach of contract claim, which includes an allegation that Starpoint breached by imposing "unreasonable restrictions" on reserving a timeshare and using the rooms for promotional purposes in competition with the plaintiffs. Am. Compl. ¶ 305. Another possible exception is the plaintiffs' unjust enrichment claim, which includes an allegation that "the room reservations were and are unreasonably restricted" by Starpoint. *Id.* ¶ 291. But the plaintiffs do not allege any connection to Florida with respect to these claims. The plaintiffs also allege that Starpoint's fraud by omission is continuing, *id.* ¶ 338, but again, without alleging any connection to Florida.

the plaintiffs do not tie any of their claims to these alleged contacts. The same is true

about the conclusory allegation that Starpoint has "caused harm due to their activities

in" the Middle District of Florida. *Id.* ¶ 10. And although the plaintiffs allege that

Starpoint "had contact with [the Middle District of Florida] specifically with respect

to the events giving rise to each of the [plaintiffs'] claims," this is but another

conclusory allegation that fails to establish a connection between Starpoint's

activities in Florida and the plaintiffs' claims. *Id.* ¶ 8; *see, e.g., Snow v. DirecTV,*

*Inc.*, 450 F.3d 1314, 1318 (11th Cir. 2006) (concluding that "vague and conclusory

allegations . . . are insufficient to establish a prima facie case of personal jurisdiction")

(footnote omitted); *In re Takata Airbag Prods. Liab. Litig.*, 396 F. Supp. 3d 1101,

1142 (S.D. Fla. 2019) ("[C]ourts in the Eleventh Circuit have repeatedly declined

to exercise specific jurisdiction over a nonresident defendant on the basis of

generalized and conclusory allegations.").

　　With respect to their fraud by omission claim, the plaintiffs allege that

Starpoint's sales representatives "go through constant fraudulent sales scheme

training by management" that "originat[es] in the state of Florida at the headquarters

of [Starpoint]." Am. Compl. ¶ 317; *see id.* ¶ 316. The plaintiffs' fraud claim,

though, arises not from this alleged training in Florida but from the alleged

omissions at the time of contracting. *See id.* ¶¶ 318–38. In other words, the plaintiffs allege that Starpoint "[c]omitted a tortious act within" Arizona, not Florida, and the plaintiffs fail to plausibly allege that their fraud claim arises from Starpoint's business activities in Florida. § 48.193(1)(a)1–2, Fla. Stat.; *Level 8 Mgmt., Inc. v. Wildflower Legacy & Wealth Plan., LLC*, 395 So. 3d 590, 597 (Fla. 2d DCA 2024) ("The specific jurisdiction statute requires that the cause of action arise from the defendant's contacts with the state."). Thus, the alleged fact that the training originated in Florida is not enough to justify an exercise of specific jurisdiction under Florida's long-arm statute.

In sum, the plaintiffs fail to demonstrate that Florida's long-arm statute authorizes specific jurisdiction with respect to any of their claims.

## IV.  CONCLUSION

Because the plaintiffs fail to establish personal jurisdiction over the defendant, the following is **ORDERED**:

1.  Starpoint's Motion to Dismiss (Doc. 16) is **GRANTED**.

2.  This action is **DISMISSED without prejudice** for lack of personal jurisdiction.

3.    The Clerk is directed to **ENTER JUDGMENT**, which shall read "This case is dismissed without prejudice," and to **CLOSE** this case.

**ORDERED** in Tampa, Florida, on May 12, 2025.

Kathryn Kimball Mizelle
United States District Judge